# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL TROY MOORE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED FOOD AND COMMERCIAL WORKERS 8 GOLDEN STATE, et al.,<br><br>    Defendants. | Case No.: 2:20-cv-01911-RFB-NJK<br><br>**ORDER**<br><br>[Docket No. 1] |

Plaintiff is proceeding in this action *pro se* and has requested authority under 28. U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a complaint. Docket No. 1-1.

**I.  *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* under § 1915(a) is granted.

**II.  Screening Complaint**

**A.  Standard**

Upon granting an application to proceed *in forma pauperis*, courts screen the complaint. 28 U.S.C. § 1915(e). Section 1915(e) permits courts to dismiss a case if the action is legally "frivolous or malicious," the complaint fails to state a claim upon which relief may be granted, or the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

1

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.[1] Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Additionally, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). "However, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**B. Analysis**

Plaintiff asserts claims against two labor unions, two private individuals, and a family trust ("Defendants"). Docket No. 1-1 at 1. Plaintiff's claims arise out of allegations that Defendants underreported the number of hours he worked for them, resulting in an incorrect calculation of his pension benefits. Docket No. 1-1 at 2. Plaintiff alleges that, despite multiple requests over two years, Defendants have withheld documents related to his pension benefits. *Id.* at 11. Plaintiff further alleges that Defendants have prevented him from filing "for all pension(s) promised and earned during his employment." *Id.* at 13. Specifically, Plaintiff alleges that Defendants

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

threatened to retaliate against him if he continues to pursue efforts to correct the calculation of his pension benefits. *Id.* at 9, 13. Based on these allegations, Plaintiff asserts causes of action under § 1983, the First Amendment, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and the Employee Retirement Income Security Act ("ERISA"). *Id.* at 1, 9.

Plaintiff submits that Defendants' actions constitute a § 1983 violation. *Id.* at 10, 13. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation as committed by a person acting under the color of State law." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Although private parties are generally not considered state actors, a private party may bear liability for a constitutional deprivation under § 1983 where a plaintiff demonstrates that "'the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State.'" *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)); *see also Quezambra v. United Domestic Workers of Am. AFSCME Local 3930*, 445 F. Supp. 3d 695, 703 (C.D. Cal. 2020) ("There is a general rule that unions are not state actors[.]"). Here, Plaintiff's complaint fails to allege that he suffered a constitutional deprivation. Moreover, Plaintiff fails to allege sufficient facts to demonstrate that Defendants' private conduct is attributable to the state.

Plaintiff further submits that Defendants' conduct violated the First Amendment. Docket No. 1-1 at 1, 5, 10, 13, 14. Private parties are generally not bound by the First Amendment, unless the private party "has acted 'in concert' with the state 'in effecting a particular deprivation of constitutional right.'" *Belgau v. Inslee*, 975 F.3d 940, 947 (9th Cir. 2020) (quoting *Tsao*, 698 F.3d at 1140). In this case, Plaintiff fails to allege sufficient facts showing Defendants acted in concert with the state to cause a constitutional deprivation.

Plaintiff also submits that Defendants engaged in conduct prohibited under RICO. Docket No. 1-1 at 11. "The elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005). To establish a "pattern of racketeering activity," a plaintiff must show

3

that a defendant committed two or more predicate acts, which create a threat of continuing criminal activity. *H.J. Inc. v. N.W. Bell Tel. Co.*, 492 U.S. 229, 237–38 (1989). Here, Plaintiff alleges that Defendants sent two threatening letters in response to his letters requesting an amicable resolution of the underreported hours. Docket No. 1-1 at 8. Plaintiff's complaint fails to plead sufficient facts demonstrating that the content in the letters was criminal in nature. Further, it is unclear what injury Plaintiff alleges he sustained because of Defendants' letters.

Finally, Plaintiff submits that Defendants violated ERISA by withholding documents pertaining to his pension benefits. Docket No. 1-1 at 1. 9, 11, 12, 16. ERISA permits a plaintiff to file a civil action against the administrator of a plan for failure to produce requested information. 29 U.S.C. § 1132(c). ERISA requires the administrator of a plan to comply with a request for certain information. *Id.* For instance, a party may request "the annual report, and documents relating to the employee benefit plan including an updated summary plan description, the bargaining agreement, trust agreement, or contract." *Id.* To fully comply with this requirement, the administrator must mail the requested information to the last known address of the requesting party no later than thirty days after the request. *Id.* If the administrator fails to respond to the requesting party with the information within thirty days, the administrator is liable to pay the requesting party up to $100 per day from the date of the failure. *Id.*

Here, Plaintiff alleges that he requested all pension documents on September 24, 2018. Docket No. 1-1 at 16. "The provisions of § 1132(c) are very specific regarding the exact documents an administrator is required to provide to a participant or beneficiary upon request." *Maldonado v. Empire HealthChoice Assurance, Inc.*, 2020 WL 5240625, at *6 (C.D. Cal. June 29, 2020). Plaintiff fails to allege that he submitted written requests for the specific documents ERISA commands an administrator to produce, such as an annual report or summary plan description. In addition, it is not clear whether Defendants are the administrators of the pension benefits plan. As a result, the Court cannot plausibly infer that Plaintiff is entitled to relief under § 1132(c).

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is hereby **GRANTED**. Docket No. 1. Plaintiff shall not be required to pay the filing fee.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Complaint is **DISMISSED** with leave to amend. Plaintiff will have until **January 6, 2021**, to file an Amended Complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: December 7, 2020

_____
Nancy J. Koppe
United States Magistrate Judge